UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TROY ANTHONY JENKINS,

    Plaintiff,

v.                                                Case No. 8:21-cv-1380-TPB-SPF

JACOB BENJAMIN DURRANCE,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

This matter is before the Court on Defendant Jacob Benjamin Durrance's Motion to Dismiss the Second Amended Complaint, filed on January 13, 2023. (Doc. 17). *Pro se* Plaintiff Troy Anthony Jenkins did not file a response in opposition, and the time to respond has expired. After reviewing the motion, court file, and the record, the Court finds as follows:

## Background

Jenkins alleges that his Fourth Amendment rights were violated when his car was searched and impounded following his arrest for possession of controlled substances. According to the Second Amended Complaint, Jenkins was walking on 8th Street in Mulberry, Florida, when Deputy Durrance approached him. Deputy Durrance was responding to a suspected burglary of

a van parked on 8th Street. After asking whether Jenkins had entered the van, Deputy Durrance searched him and found marijuana and buprenorphine in his wallet. He also found the keys to Jenkins's 2009 Nissan Pathfinder, which was parked nearby in a private driveway belonging to Amy Landsdale.

Deputy Durrance placed Jenkins under arrest and put him in the "squad car." Next, Deputy Durrance located the Pathfinder. He did not ask Landsdale whether "it was okay for [Jenkins's] vehicle to sit overnight." Instead, "without any permission" and over Jenkins's objection, Deputy Durrance used the keys to enter and search the car. Deputy Durrance did not "find[] anything illegal" in the Pathfinder. Nevertheless, he directed that the car be impounded. Jenkins was unable to retrieve his car or its contents because he was incarcerated.

Through this lawsuit, Jenkins seeks to recover the value of his car, which he claims is $7,500, and the value of the personal items that were inside the car when it was impounded, which he alleges is $1,800. He also seeks unspecified declaratory and injunctive relief and $1,009,500 in compensatory and punitive damages.

On October 12, 2022, the Court screened the Second Amended Complaint under 28 U.S.C. §§ 1915(e) and 1915(A). (Doc. 11). The Court ruled that Jenkins could pursue an individual capacity claim against Deputy Durrance

"for the unlawful search and seizure of his car in violation of his Fourth Amendment right." (*Id.* at 2).

Following service of process, Deputy Durrance moved to dismiss, arguing that he is entitled to qualified immunity for "the impounding and inventory of [Jenkins's] car after [he] was arrested and taken into custody." (Doc. 17 at 2). As noted above, Jenkins did not respond to the Motion to Dismiss. Nevertheless, the Court must decide whether the Second Amended Complaint states a claim based on the papers in the record. *See Giummo v. Olsen*, 701 F. App'x 922, 924 & n.2 (11th Cir. 2017) (noting that dismissing a complaint solely because a motion to dismiss is technically unopposed would be an abuse of discretion); *Tucker v. United States-U.S. Postal Serv.*, No. 2:22-cv-13-SPC-NPM, 2022 WL 911580, at *1 (M.D. Fla. Mar. 29, 2022) ("[C]ourts cannot grant 12(b)(6) motions just because they are unopposed.").

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" Y*oung v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *adopted by*

- 3 -

2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, the court's scope of review is limited to the four corners of the complaint. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). However, a document attached to the pleading as an exhibit or referred to in the complaint may be considered if it is central to the plaintiff's claim and the authenticity of the document is not challenged. *See Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("Where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal. . . ."). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins.*

*Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-RAL-TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

Because Jenkins is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, a *pro se* plaintiff must still conform to procedural rules, and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

Deputy Durrance argues that he is entitled to qualified immunity because he "did not violate [Jenkins's] Fourth Amendment right" when he searched and impounded the car. (Doc. 17 at 5). For the reasons that follow, the Court concludes that Deputy Durrance is not entitled to qualified immunity at this stage of the litigation.

"Generally speaking, it is proper to grant a motion to dismiss on qualified immunity grounds when the complaint fails to allege the violation of a clearly established constitutional right." *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019). For qualified immunity to apply, the defendant must first show that "he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Fish v. Brown*, 838 F.3d 1153, 1162 (11th Cir. 2016). Once that is established, the Court engages in a two-step inquiry:

(1) whether, taken in the light most favorable to the plaintiff, the factual allegations show the defendant's conduct "violated a constitutional right"; and (2) whether the constitutional right was "clearly established." *Id.*

Deputy Durrance's actions plainly fell within the scope of his discretionary authority. Accordingly, the Court considers whether Jenkins's allegations show that Deputy Durrance violated the Fourth Amendment when he searched and impounded the car.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "[S]earches undertaken without a warrant issued upon probable cause are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 995 (11th Cir. 1995). Likewise, "the seizure of personal property is *per se* unreasonable when not pursuant to a warrant issued upon probable cause," but this "general rule" is subject to "[s]everal exceptions." *Crocker v. Beatty*, 886 F.3d 1132, 1136 (11th Cir. 2018).

Deputy Durrance contends that the search and impoundment of Jenkins's car were permissible under the "inventory search" exception to the warrant requirement. "Though the police generally need a warrant to conduct

a search, they do not need a warrant to search an impounded car if they (1) had the authority to impound the car, and (2) followed department procedures governing inventory searches." *United States v. Isaac*, 987 F.3d 980, 988 (11th Cir. 2021). "An officer has the authority to impound a car if his decision to impound it is in good faith, based upon standard criteria, and not solely based upon suspicion of evidence of criminal activity." *Id.* at 988-89. The purpose of requiring standard criteria is to ensure that impoundments and inventory searches are not merely "a ruse for a general rummaging in order to discover incriminating evidence." *Florida v. Wells*, 495 U.S. 1, 4 (1990). "The government carries the burden to show that the requirements of this exception were met." *United States v. Wilson*, 979 F.3d 889, 910 (11th Cir. 2020).

Deputy Durrance has not met his burden of showing that the inventory search exception applies here. An officer may impound a vehicle—and thus conduct an inventory search—only if "the decision to impound is made on the basis of standard criteria." *Sammons v. Taylor*, 967 F.2d 1533, 1543 (11th Cir. 1992); *see also United States v. Handy*, 592 F. App'x 893, 907 (11th Cir. 2015) ("[A] police officer's decision to impound a car may involve discretion but must be made according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity."). Here, however, Deputy Durrance "has proffered no standardized impoundment or inventory-search

policies at all." *Johnson v. Israel*, 576 F. Supp. 3d 1231, 1260 (S.D. Fla. 2021). Moreover, the Second Amended Complaint does not allege that standard criteria governed the search and impoundment of Jenkins's vehicle. As a result, the Court has "no way of knowing whether [Deputy Durrance] impounded or searched [Jenkins's car] in accordance with the standard criteria that federal courts have long demanded." *Id.* (collecting cases).

Because Deputy Durrance has not shown that standard criteria governed his decision to search and impound the car, he has not met his burden of establishing that the inventory search exception applies. Thus, the Court is left with the general rule that warrantless searches and seizures of personal property are *per se* unreasonable. Without an applicable exception to that rule, the Court concludes that Jenkins plausibly alleges a Fourth Amendment violation based on the search and impoundment of his car. *See Crocker*, 886 F.3d at 1137 ("Without an applicable exception to the rule that the warrantless seizure of personal property is *per se* unreasonable, we conclude that the District Court did not err in determining a Fourth Amendment violation occurred.").

The next question is whether the constitutional right at issue was clearly established. To show that a constitutional right was clearly established, a plaintiff must demonstrate that (1) "a materially similar case has already been

decided, giving notice to the police"; (2) "a broader, clearly established principle should control the novel facts in this situation"; or (3) "this case fits within the exception of conduct which so obviously violates [the] constitution that prior case law is unnecessary." *Keating v. City of Miami*, 598 F.3d 753, 766 (11th Cir. 2010).

Little analysis is required here. Long before the events of this case, it was settled law that (1) warrantless searches and seizures are *per se* unreasonable, subject to a few exceptions, *Holmes v. Kucynda*, 321 F.3d 1069, 1082 (11th Cir. 2003); and (2) to invoke the inventory search exception to the warrant requirement, an officer must show that "the decision to impound [was] made on the basis of standard criteria." *Sammons*, 967 F.2d at 1543; *see also Colorado v. Bertine*, 479 U.S. 367, 375 (1987) ("Nothing . . . prohibits the exercise of police discretion [in impounding a car] so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity."). Deputy Durrance does not dispute that the law on this issue was clearly established at the time of his encounter with Jenkins.

Because the factual allegations show that Deputy Durrance violated a clearly established constitutional right, he is not entitled to qualified immunity

at this time. Therefore, the Motion to Dismiss is denied. Deputy Durrance may reassert his qualified immunity defense at summary judgment or trial.

Accordingly, and for the reasons set forth herein, it is **ORDERED** that:

1. Deputy Durrance's Motion to Dismiss the Second Amended Complaint (Doc. 17) is **DENIED**.

2. Deputy Durrance is directed to file an answer to the Second Amended Complaint within twenty-one days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, on April 18, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**